**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

————————

**No. 07-1155**

————————

In Re:  GRAND JURY SUBPOENA,

                                    Petitioner.

---------------------------

UNITED STATES OF AMERICA,

                                    Petitioner - Appellee,

        versus

JOHN DOE A01-246,

                                    Respondent - Appellant.

---------------------------

JOSHUA A. GERSTEIN,

                                    Movant.

————————

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.  Gerald Bruce Lee, District
Judge.  (1:07-mc-00001)

————————

Submitted:  March 5, 2007          Decided:  March 23, 2007

————————

Before TRAXLER, MOTZ, and SHEDD, Circuit Judges.

————————

Affirmed by unpublished per curiam opinion.

————————

Peter Erlinder, WILLIAM MITCHELL COLLEGE OF LAW, St. Paul,
Minnesota, for Appellant. Charles Rosenberg, United States

Attorney, Gordon Dean Kromberg, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After appellant was subpoenaed to testify before the grand jury in the Eastern District of Virginia and granted immunity pursuant to 18 U.S.C. § 6002, he refused to testify on the grounds that he was a party to a plea agreement with government prosecutors in the Middle District of Florida which bars any attempt by the government to compel his testimony. He appeals the district court's order holding him in contempt for refusing to testify. We affirm.

Everyone agrees that the written plea agreement in the Middle District of Florida contains no language which would bar the government from compelling appellant's testimony before a grand jury. It is also undisputed that the plea agreement contains an "integration clause," stating that the written agreement contains all agreements between the parties, and that appellant and his counsel acknowledged at the plea hearing that, with the sole exception of a promise to expedite his deportation upon service of his sentence, the government had made no additional promises to induce his plea. Appellant's defense to the subpoena is based upon the fact that a cooperation clause was discussed during the plea negotiations, but was not agreed to and not included in the written plea agreement. Appellant contends that by not requiring the inclusion of a cooperation clause in the written plea agreement at the time, and orally acknowledging thereafter that appellant had no

3

duty under the written agreement to voluntarily cooperate, the government should be deemed to have also agreed to a "non-cooperation" provision which encompasses a ban on involuntary cooperation in the form of compelled grand jury testimony.

We are unpersuaded. At the request of the district court in Virginia, appellant filed a motion to enforce the plea agreement in the Florida district court in which it was entered, for the purpose of determining whether the government was breaching the agreement by seeking to compel appellant's grand jury testimony. After an evidentiary hearing, the Florida district court ruled that the plea agreement did not prohibit the government from compelling testimony before the grand jury. The district court, relying upon In Re: Grand Jury Proceedings (Perdue), 819 F.2d 984, 987 (11th Cir. 1987), held that "if the words of the agreement are unambiguous," as in the instant case, a court "cannot rewrite the agreement to include a bar on attempts by the Government to compel testimony."

At the subsequent hearing on the government's motion to hold appellant in contempt in this circuit, the Virginia district court adopted the record from the Florida district court proceedings and also ruled that the plea agreement in the Middle District of Florida, which is governed by the law of that circuit and the proceedings there, was no defense to the subpoena and held appellant in contempt. We agree. Accordingly, we affirm the judgment of the district court. We dispense with oral argument

4

because the facts and legal conclusions are adequately presented in the materials before the court and argument would not significantly aid in the decisional process.

AFFIRMED